31   361
a77  397

HANCE G. ARMFIELD, Plaintiff in Error, *v.* JOHN NASH et al., Defendants in Error.

1. PRACTICE.—If the defendants' demurrer to plaintiff's replication to one of the several answers pleaded by him in bar be sustained, and the plaintiff refuse to reply over, and judgment final should be entered for the defendants, it will be error to submit the cause to a jury to try the issues joined on the remaining answers and replications.

2. FORMER RECOVERY.—If, by the terms of the contract, the defendants are to pay to the plaintiff, for his personal services to be rendered to them, in two instalments, due at different periods; and the defendants prevent the plaintiff from complying with the contract, and refuse to pay, and he thereupon institutes an action against them for the first instalment before the second becomes due, and recovers judgment for that amount, this recovery is no bar to a second suit for the remaining instalment.

3. PLEADING.—Every plea or answer in bar must disclose a good defence to the whole action; and hence it is improper to plead in bar to an action to recover damages for the breach of a contract, matter which amounts to a mitigation of the damages, but is not a justification of the breach.

4. A. was employed by N. to teach school for one year, at a certain academy, for the sum of $1200. A. partially complied with his contract, by teaching three months, and was prevented by N. from completing it; and thereupon he sued N. for the whole sum, who pleaded in bar of the action, that, by reasonable diligence, A. might have procured employment as a teacher for the remainder of the year, at a compensation equal to that agreed to be paid by him. *Held,* that the plea did not disclose a good defence to the action; the matter pleaded was at best but in mitigation of damages.

IN error from the Circuit Court of Leake county. Hon. E. G. Henry, judge.

On the 28th day of July, A. D. 1853, the plaintiff in error sued the defendants in error, in the Circuit Court of Leake county, for the last instalment of $600, which he alleged to be due to him from the defendants upon the following agreement:—

" H. G. Armfield, assisted by his lady, agrees to teach a school in Mount Pleasant Academy for one scholastic year; to teach the English, and ornamental branches, together with the Latin, Greek, and French languages, and to commence about the first Monday in January next.

" We, the undersigned, agree to pay to the said Armfield for his services, the sum of twelve hundred dollars, to be paid in two payments—say six hundred dollars—at the expiration of each session of five months.

"(Signed,)        " JOHN NASH,

" EDWARD DAVIS,

"JAS. LACY,

" H. H. SCHROCK.

" *October 22d,* A. D. 1851."

The complaint further alleged that the plaintiff fully complied with all the conditions of the agreement on his part, by teaching said school from the first Monday in January, 1852, until the 8th day of April of the same year, when his further compliance was prevented by the unlawful act of defendants, who then dismissed him from said school, and ejected him from the school-room ; and that he was always ready and willing to carry out said agreement, and would have done so, except for the unlawful interference of defendants, as aforesaid. . Plaintiff demanded payment for the amount of the last instalment of $600, and interest.

The defendant filed five several answers to the complaint, to which the plaintiff demurred, and his demurrer being overruled, he replied. The answers and replications are in substance as follows :—

1. That the plaintiff, on the 13th day of July, A. D. 1852, instituted suit against the defendants in that court, and on the 17th day of March, A. D. 1853, recovered judgment against them for $628, besides costs, all of which they had paid to plaintiff, which said judgment was for the damages sustained by the plaintiff, by reason of the said breach of the identical contract now sued on; and they relied on said former recovery and payment as a bar to this action.

· Replication.—Admits the recovery and payment of the judgment for $628, and costs ; but avers that the said action was brought before the last instalment under said contract became due ; and that it was therein only sought to recover the first instalment of $600, which had become due at the institution of said suit ;

Armfield *v.* Nash et al.

and that the present suit is brought to recover the second instalment of $600, which, by the terms of the said contract, became due and payable at the expiration of the second session; and that the same was not in anywise in controversy or litigated in said first suit; and that it is now due and unpaid, and was not embraced in said former recovery and payment.

2. The second answer and replication were in substance the same as the first.

3. That the plaintiff had only taught three months under the contract, and that defendants had paid him $600, and interest therefor, which was a full satisfaction for his services.

Replication.—Plaintiff set out the contract sued on, as he had done in his complaint, and averred his performance of all the conditions of the same, on his part, for three months, and his readiness to comply with the same fully; and that he was prevented from so doing by the unlawful acts of defendants; and that the $600 theretofore paid, was for the first instalment due by the contract; and that the last instalment was now sued for, and is still due and unpaid.

4. Defendants denied that they prevented plaintiff from fulfilling his said contract, and averred that he did not comply with the same; that he only taught for three months, for which they had paid him $600 dollars; and that plaintiff, during the whole time for which he claims compensation in this action, was either engaged in other employment for which he was paid, or else was idle.

Replication.—Denied the statements in the answer.

5. That after plaintiff was discharged from said school, he had an offer of profitable employment, as a school-teacher, from that that time until the end of the year 1852, which he refused; and further, that by reasonable diligence, he might have obtained for his services as a teacher, for the remainder of the year 1852, a sum equal to the amount claimed under said contract; and that he did not exert himself to procure employment, and did not exercise reasonable diligence in repairing the loss sustained by his dismissal.

Replication.—Denied the allegations in the answer.

The defendants then demurred to the first and second replications, and took issue upon the others. The court sustained the

defendants' demurrers, and plaintiff declining to reply over, the cause was submitted to a jury upon the issues joined, on the replications to the defendants' third, fourth, and fifth answers. Verdict and judgment for defendants; and the plaintiff prosecuted this writ of error.

*R. C. Perry,* for plaintiff in error.

1. The contract was to pay the money in two instalments. The former suit was brought for the recovery of the first, and was commenced before the second became due. The obligations are distinct, and the consideration severable; and we cannot perceive how a judgment on the first instalment can operate as a bar to an action on the second. See *Cunningham* v. *Morvell,* 10 Johns. R. 202; *Colton* v. *Browell,* 2 Smith, Lead. Cas. 20, 26, 42; *Perkins* v. *Hart,* 11 Wheat. 237, 251; *Sickles* v. *Patterson,* 14 Wend. 267.

2. The demurrer to plaintiff's fifth answer should have been sustained. See *Caslegar* v. *Mohawk & Hudson Railroad Company,* 2 Denio, 609.

*J. A. P. Campbell,* for defendant in error.

1. In support of the fifth answer, cited 2 Denio, 609; Chitty on Contr. 684, and note; 7 Greenleaf, R. 57.

2. In support of the first and second answers, he cited 10 S. & M. 552; 21 Wend. 457; 1 Denio, 317; Ib. 602, 606; *Pritchard* v. *Martin,* 27 Miss. 306.

*H. A. H. Lawson,* on same side,
Cited 27 Miss. R. 310; 21 Wend. 457; 21 Verm. R. 84.

Fisher, J., delivered the opinion of the court.

The plaintiff in error was employed by the defendants to teach a school at a certain academy for one scholastic year, which is averred to be ten months, at the sum of twelve hundred dollars— one half payable at the end of five months, and the other half payable at the end of ten months. At the end of three months, he avers that he was dismissed by the defendants, who refused to permit him to proceed further in the performance of his contract. It

Armfield *v.* Nash et al.

appears from the pleadings of both parties, that the plaintiff brought his suit for the first instalment, and recovered a judgment for the same, which has been paid.

The question presented relates to the second instalment—the plaintiff averring that he was at all times ready and willing to perform his part of the contract. The first and second answers of the defendants to the complaint, aver that the plaintiff brought the suit above named, and recovered a certain sum, which has been paid in full satisfaction for the alleged breach of said contract. The plaintiff demurred to these answers, as well as to the others, and the court overruled the demurrer; whereupon the plaintiff filed his replications to the several answers, and the defendants demurred to the replications to the first and second answers, and joined issue upon the others. The court sustained the demurrer, and the plaintiff failing further to reply, the court, instead of rendering a final judgment upon the demurrer, proceeded to the trial of the issues joined upon the other replications.

When the court sustained the demurrer to the replications to the first and second answers, it was tantamount to saying, that these answers constituted a good bar to the plaintiff's action; and he declining further to reply, the court should have pronounced a final judgment upon the demurrer—as one good answer was as effectual to defeat a recovery by the plaintiff, as a hundred or a thousand could have been, supposing them all to be true. The demurrer admitted the truth of the facts averred, and the facts being true, is there a subsisting cause of action? If the admitted facts showed no cause of action at the commencement of the suit, then the court should have so declared the law, as applicable to the facts, and have rendered the proper judgment. There could, under this state of the case, be no issue for the jury to try, for the obvious reason, that the issue of law presented by the demurrer, first called for the decision of the court; and the facts being true, and legally sufficient to defeat a recovery, such should have been the judgment of the court.

But we will proceed to consider the merits of the replications. The answer, in substance, avers that the sum recovered was recovered and received in full satisfaction of the breach of the

entire contract. The replications, on the contrary, aver that the action was brought to recover only the first instalment—the second not then being due; and that the present action is brought to recover damages on account of the breach of the contract relating to said second instalment, averring also his readiness to perform his part of the contract. In our opinion, the court erred in sustaining the demurrer. The answers admitted both the contract and the breach, and undertook to set up as a defence, that the plaintiff had been fully satisfied as to the damages resulting from the breach. The replication shows, what the complaint does, that the contract was divisible, and that when the first breach occurred, plaintiff brought his action, and recovered only what could have been recovered in that action, to wit, the first instalment. How, then, does the case stand upon the pleadings? The defendants admit both the existence and breach of the contract, but insist that they fully paid all damages resulting from such breach. The plaintiff, on the contrary, presents an issue on this latter point of the answers, and denies both a recovery on account of the breach relating to the last instalment, or compensation for the same. The demurrer then admits—what? Certainly the contract and breach, as averred by the plaintiff; and that he has not been satisfied in his damages resulting from the breach. Under this state of the case, the demurrer should have been overruled.

But these questions may all be disposed of under one general head. Both the existence and breach of the contract are admitted throughout the whole pleadings; and the matter pleaded by the answers goes not in justification of the breach, but merely in mitigation of the damages sustained by the plaintiff. Every plea or answer in bar, to be good, must disclose a defence which, if true, will entirely defeat the action; otherwise it cannot be treated as a defence, but only as relating to a collateral point, to wit: the compensation which shall be given for the damages actually sustained. Take, for instance, the defence set up by the fifth answer, that the plaintiff, by reasonable diligence, might have obtained employment at another school at a salary of twelve hundred dollars per annum. This may all be true, and still not negative the legal presumption that some damage is sustained by every breach of a contract. Fifteen hun-

dred dollars, at another place, might have been wholly insufficient to compensate the plaintiff; for the expenses of breaking up, removing, and of living at another place, might come into the estimation of the damages. Instead, therefore, of the answer averring that such employment, at a different place, at twelve hundred dollars, would have been a full compensation to the party, the court must indulge in vague conjectures on this subject; and say that the plaintiff has sustained no damage because he could, at some other place, have received for his services the same rate of compensation. The answer to such position is, that the plaintiff has settled himself for the year under the terms of the contract, and it cannot, therefore, be said that twelve hundred dollars per annum, at another place, will fully compensate him; while it might tend greatly to reduce the damages. But there is a wide difference between that which merely tends to mitigate the damages, and that which shows no damage at all.

We are, therefore, of opinion that the court erred in overruling the demurrer to the several answers.

Judgment reversed, demurrer to answers sustained, judgment *respondeat ouster*, and cause remanded.