LEVIN B. WILLIAMS *v.* ALONZO T. S. LUCKETT.

1. CONTRACTS. *Wages. Installments. Single. Divisible.*

> Generally a contract is single, and a breach of it affords but one cause of action. But where wages are to be paid in installments during the execution of the contract a suit may be brought on each installment as it falls due. *Armfield* v. *Nash,* 31 Miss., 361, approved.

2. SAME. *Res adjudicata.*

> A recovery of one month's wages on a contract for services is, in a subsequent suit for another month's installment, *res adjudicata* as to the propositions that the previously disputed term of employment was by the year, and that the wages were payable monthly.

FROM the circuit court of Yazoo county.

HON. ROBERT POWELL, Judge.

The appellee, Luckett, was the plaintiff in the court below; appellant, Williams, was the defendant there. The facts are stated in the opinion of the court.

*D. R. Barnett,* for appellant.

The contract being an entirety, only one recovery can be rightfully had for its breach. *State* v. *Morrison,* 60 Miss., 74; *Hanes* v. *Planters, etc., Association,* 55 Miss., 654; *Butt* v. *Williams,* 15 So. Rep. (Miss.), 130.

The case of *Arnfield* v. *Nash,* 31 Miss., 361, stands alone in our reports, and has never been cited as authority by this court in any subsequent case.   It held that a discharged servant can recover for constructive services, a doctrine that has been exploded.   *Birdsong* v. *Ellis,* 62 Miss., 420; *Gibson, etc., Co.* v. *Meek,* 71 Miss., 614; Wood's Master and Servant, 254; *Olmstead* v. *Bach,* 78 Md., 132, s.o. 22 L. R. A., 74.

Some courts hold that several suits can be brought where the wages are made payable at specified periods, within the limits of the contract, because a recovery could only be had for damages sustained up to the time of the trial.   This is not the law of this state.   *Pritchard* v. *Martin,* 27 Miss., 305; *Friedlander* v. *Pugh,* 43 Miss., 119; Sutherland on Damages, sec. 107.

The record of the first suit was not *res adjudicata.*   1 Greenleaf Evidence, sec. 534; *Greene* v. *Bank,* 73 Miss., 542.

*John S. Perrin,* for appellee.

Where an employe for a fixed period, at a salary for the period, payable at intervals, is wrongfully discharged, he may, among other courses open to him, treat the contract as existing, and sue at each period of payment for the wages then due.   14 Am. & Eng. Enc. Law, 797.   This is what was done in this case, and it is to both parties the most reasonable and just course.   See, also, *Strauss* v. *Mcertief,* 38 Am. Rep., 8; *Liddell* v. *Chidester,* 5 Am. St. Rep., 387; *Davis* v. *Preston,* 6 Ala., 83; *Faw* v. *Marsteller,* 6 Cranch, 10; *Perkins* v. *Hart,* 11 Wheaton, 251; *Badger* v. *Titcomb,* 15 Pick., 409; *Isaac* v. *Davis,* 68 Ga., 169; *Fowler* v. *Armour,* 24 Ala., 199.

If the first suit were not *res adjudicata* as to the terms of the contract, whether the employment were by the month or by the year, with wages payable monthly, there would be no end to litigation.   The terms of the contract, between the same parties, were as much in issue in the first case as in this one. The precise point is decided in *Liddell* v. *Chidester,* supra. · See *Davis* v. *Hart,* 66 Miss., 642.

TERRAL, J., delivered the opinion of the court.

Luckett sued Williams in a justice court for $190.15, and obtained judgment for that sum.

On appeal to the circuit court he again recovered a verdict for the same sum upon a peremptory instruction, and had judgment for that amount.

Upon the trial the plaintiff testified that he and the defendant made a contract by which the defendant agreed to employ him for one year, commencing September 1, 1898, and ending September 1, 1899, at a salary of $50 per month, payable monthly; that defendant discharged plaintiff from his employ on Monday morning, the 2d day of January, 1899, without just cause, and he has not worked for defendant since; that in February, 1899, he commenced suit against the defendant in a justice of the peace court for his wages for the month ending January 31, 1899, as per said contract for one year made with the defendant, and that final judgment in said suit was rendered in his favor in the circuit court of Yazoo county, to which it had been appealed from the justice court, and that said judgment had been satisfied. A copy of this proceeding and judgment was read to the court and jury. He further testified that the present suit was for balance of wages due up to August 1, 1899; that from February 1, 1899, plaintiff had been able to make as wages the sum of $109.45; that he had made diligent effort to obtain other employment, and had failed. The defendant, by attorney, proposed to examine the plaintiff on the terms of the contract, to show that the hiring was by the month, and not by the year, and upon objection by plaintiff's attorney, on the ground that this was *res adjudicata,* having been determined in the former suit between the parties, the objection was sustained, and the defendant excepted.

Plaintiff here rested, and the defendant moved the court to exclude the evidence, and to instruct the jury to find for defendant, on the ground that there had been one recovery for the breach of the identical contract sued on, and that plaintiff

was barred of another recovery. This motion was overruled, and defendant excepted. Defendant then offered to prove that the contract was a hiring by the month, and not by the year, to which plaintiff objected on the ground that the matter had been adjudicated in the former suit between the parties evidenced by the record of the same, and the evidence introduced as to what was established in the trial. The objection was sustained, and defendant excepted. This was all the evidence given or offered.

The ruling of the circuit court is sustained by the cases of *Armfield* v. *Nash,* 31 Miss., 361, and *Davis* v. *Hart,* 66 Miss., 642. It is insisted, however, that *Armfield* v. *Nash* is unsound, and that it is particularly overthrown by *Olmstead* v. *Bach,* 22 L. R. A., 74.

That generally a contract is a single thing, and a breach of it affords but one cause of action, is often stated, but where the parties have made the contract divisible, or have made the compensation due under it payable by installment at several periods during its execution, then the authority to bring several suits follows as a legal consequence. If Williams had not discharged Luckett, but had failed to pay him as the monthly wages became due, it is clear that Luckett would have had a right of action accruing to him at the expiration of each month of service, and might have sustained as many suits as there were defaults of payment.

The bringing of the first suit for the January wages did not end the contract, nor amount to a rescission of it on the part of Luckett; the contract, notwithstanding the suit for damages for the nonpayment of the monthly sum of wages, remained in full force, and Williams might thereafter have received him back into his employ, or continue to subject himself to other suits for the continued breach of it.

The contract, by its terms, is equivalent to the making of as many contracts as there are periods of payment; or, at least, the

sums to be paid are divisible by its express terms, and the terms of the contract are the law of the contract.

*Armfield* v. *Nash* is supported by *Wilkinson* v. *Black,* 80 Ala., 329; *Isaacs* v. *Davies,* 68 Ga., 169; 14 Am. & Eng. Enc. L., 798, and authorities cited.

We see no sufficient reason for departing from *Armfield* v. *Nash,* and affirm the doctrine of it as comporting with right and justice. *Ramsay* v. *Brown, ante,* 124, s.c. 25 So. Rep., 151.

*Affirmed.*