BROWNE *v.* MERCHANTS CO.

(Division B. Oct. 2, 1939.)

[191 So. 120. No. 33780.]

Edwards & Edwards, of Mendenhall, for appellant.

**Butler & Snow**, of Jackson, and **J. B. Sykes**, of Mendenhall, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was plaintiff in the court below and brought suit against the defendant, The Merchants Company, a corporation, for damage to person and automobile occasioned by a collision between the truck driven by an employee of The Merchants Company and the car in

which the plaintiff was riding. It was alleged that on the 9th day of September, 1932, and prior thereto, the defendant was and is engaged in a wholesale business in feed, flour, grain, and other articles of merchandise in Simpson County and other counties of the state; that it had in its employ the truck driver operating its truck in Simpson County and in the State of Mississippi; that B. Anderson, its agent, was driving the said truck, and that he would load the truck with merchandise, at the instance and direction of the defendant, for delivery to merchants in Simpson County and other counties, and haul the said merchandise over the public highways of said Simpson County and other counties in said motor truck of the defendant, and would, on delivery of the merchandise to the merchants, collect the purchase price for the defendant; that the delivery of merchandise of the defendant by motor trucks, operated by its agents on public highways of the state, was the principal method by which the defendant used to deliver its wholesale merchandise to retail customers in Simpson County and other counties of the state; that on the 9th day of September, 1932, defendant had in its employ one B. Anderson, a negro, who was employed by the defendant to drive one of its wholesale delivery trucks and to make delivery of its wholesale merchandise to various retail merchants in Simpson County; that it was the duty of the said B. Anderson by virtue of his employment by the defendant to convey by said truck over the highways of said county said merchandise to the various retail merchants, and to deliver bills of lading and invoices of the goods sold and delivered at the instance of the defendant.

That on said 9th day of September, 1932, and for a long time prior thereto, it was the custom of the driver, B. Anderson, while in the scope of his employment in the operation of the motor delivery trucks for the defendant in delivering said merchandise to its retail customers, to deviate from the strict line of his duty and drive said motor trucks upon missions of his own, and for his own

pleasure, and to deviate from the accustomed routes of delivery upon said highways of Simpson County upon missions of his own; that the said Anderson, while in the delivery of defendant's merchandise, would depart from specified routes and highways in delivery of its merchandise and drive its said motor trucks for his own pleasure and on missions of his own was well known to defendant; that said actions of B. Anderson, in deviating from the specified routes over said highways in the delivery of said goods, had become a custom with the said B. Anderson, and was acquiesced in by the defendant and condoned and ratified by the defendant; that it was a custom of the said B. Anderson, while in the employment of the defendant as its truck driver in the delivery of its merchandise, to depart from his duties in the delivery of said goods, and drive defendant's motor trucks for his own pleasure, and to transport his friends, and to go upon errands and missions for his own pleasure, and this fact was well known by the defendant.

The nature and character of the injury and damage were set forth in the declaration, and judgment was demanded against the defendant for $50,000. The defendant filed a plea of res adjudicata as a special plea in connection with the plea of the general issue. In this plea of res adjudicata, it was alleged that the plaintiff had brought suit against the defendant for the same injury involved in the present suit on the 26th day of June, 1934, the number of the cause being alleged, together with the court in which the suit was filed, and alleged that the injury involved in the former suit and the collision involved in the present suit were the same, and that the cause in the former suit was tried on its merits and resulted in the jury verdict in favor of the defendant therein, and that judgment was thereupon entered upon the minutes of the circuit court of Simpson County, a copy of the judgment being made a part of the plea, and that there had been no appeal from the said judgment in the former suit against the defendant in the former suit by the plaintiff,

and that the same stood unreversed and in full force, and that by reason thereof plaintiff should not maintain the present action. To this plea of res adjudicata, a replication was filed in which it was undertaken to show that in the former suit involving the same collision, the suit being between the present plaintiff and the present defendant, that it was not alleged that B. Anderson had departed in the course of his delivery from the usual routes upon missions of his own, and that said departures customarily so made were known to the defendant, the master of said B. Anderson. In other words, the replication sought to show, as a difference between the former cause of action and the present cause of action, was that the allegation that B. Anderson had departed from his customary routes and his master's business upon business of his own, and that this custom was well known to the master was not embraced in the former suit, and that it made a substantially different case from that involved in the former suit. There was a demurrer to the replication challenging its sufficiency, and this demurrer was sustained, and the plaintiff declining to plead further, final judgment was entered in favor of The Merchants Company on the plea of res adjudicata filed herein.

We think the judgment of the court below was correct because the rule is that all matters embraced in the former judgment and all matters that could have properly been pleaded in said cause are concluded by the judgment rendered. Mississippi Digest Annotated, Volume 9, Judgment, 713, collates the authorities upon the proposition. It is therein stated that a judgment or decree on the merits rendered in a former suit between the same parties and their privies upon the same cause of action, by a court of competent jurisdiction, is conclusive, not only as to all matters determined, but also is conclusive as to matter which might or ought to have been litigated. The former suit was for the same collision and between the same parties for the same negligence of the alleged driver, and suit was brought some two years after the alleged injury

occurred, and the matters attempted to be set up to distinguish facts in the present case from the former case could then have been plead, and certainly should have been known by diligent inquiry as to the facts.

Many cases are set forth in said Vol. 9, Mississippi Digest, Judgment, 713 to 740, both inclusive. The judgment will therefore be affirmed.

Affirmed.