COMMERCIAL CREDIT CO., INC. *v.* NEWMAN.

(In Banc.  Oct. 28, 1940.  Suggestion of Error Overruled Nov. 25, 1940.)

[198 So. 303.  No. 34244.]

Chambers & Trenholm, of Jackson, for appellant.

480

F. D. Hewitt, of McComb, for appellee.

**McGowen, J.**, delivered the opinion of the court.

In the Circuit Court of Amite County, appellant, Commercial Credit Company, through an agent, filed statutory affidavit on July 26, 1939, in replevin, alleging that it was entitled to the immediate possession of a Plymouth Sedan automobile, Serial No. 2,452,077, Motor No. PZ 89,353. The writ issued was executed and returned with the forthcoming bond of Ellis Newman, the defendant, named in the affidavit, and filed in that court.

On a subsequent date, October 10, 1939, the appellant filed its declaration in replevin in that court. Attached to the declaration and exhibited therewith was a conditional sales contract dated November 1, 1937, by which Graham Motor Company sold the car in question to Ellis Newman. There was the usual recital of retention of title by the seller, and a note of even date was executed, payable to the Graham Motor Company, providing for twenty-two monthly installments of $22 each, the first installment being due December 1, 1937. The conditional sales contract and note were transferred by the Graham Motor Company to the appellant in writing, and was an exhibit to the declaration.

The contract and note provided that if any installment thereof was not paid when due, the entire unpaid amount, with interest and attorney's fee, should become due and payable at the option of the holder of the note.

The declaration alleged a default on the part of Newman in the payment of said installments due August 15, 1938, and subsequent thereto, and that the amount of limited interest of appellant in the automobile was $220, the sum of past due and unpaid installments.

To the declaration, Newman filed a plea of res adjudicata alleging in substance that the merits of the controversy, as alleged in the declaration, had been adjudicated by a final judgment in favor of the appellee in replevin proceedings instituted in the County Court of Pike County, and that the former adjudication had been rendered

in a court of competent jurisdiction between the same parties and involving the same subject matter. He attached as exhibits to the plea the affidavit in replevin of the agent of the Commercial Credit Company, filed in the County Court of Pike County on the 17th day of January, 1939; the writ, with return of the sheriff, the forthcoming bond of Newman for the automobile, the declaration of the appellant filed in the County Court on February 6th, together with the same exhibits, the conditional sales contract and the note, Newman's plea of not guilty and a plea of recoupment by which Newman sought to recoup damages alleged to have been sustained by him on account of the suing out of the writ of replevin, which plea contained an itemized account sworn to; the instructions of the County Court to the jury for the plaintiff and the defendant, the verdict of the jury for Newman; and the final judgment of that court, dated May 15, 1939, upon the verdict of the jury for the defendant Newman, adjudged that Newman retain the car and taxed the plaintiff with the costs.

The record contains the following agreement between the parties in the proceedings on the trial of the case at Bar: ''It is agreed by the parties on the matter of plea Res Adjudicata filed herein by the Defendant that the Defendant offered in evidence the record of the County Court of Pike County, Mississippi, the cause being No. 743 in that court, styled Commercial Credit Company, Inc. v. Ellis Newman, to the introduction of which Plaintiff objected upon the grounds that said record was incomplete in that it did not contain the transcript of the Stenographer's notes of the evidence taken on the trial of said cause in said Court, and that the Plaintiff moves to exclude the same for that reason and to strike plea Res Adjudicata as not constituting a defense to the present cause of action, whereupon it was ordered by the Court, by consent of the parties, that said cause be taken under advisement by the Court for hearing and decision in vacation upon the plea of Res Adjudicata, and the Court requested both parties to file briefs.''

The circuit court took the case at bar under advisement and finally entered a judgment that the plea of res adjudicata was good and barred this suit, and rendered a judgment in favor of the appellee Newman, dismissed the writ of replevin, and taxed appellant with all of the court costs.

(1) It is insisted in this court by the appellant that its motion to exclude the record of the first trial should have been sustained by the lower court because it did not contain a transcript of the stenographer's notes of the former trial. There is no merit in this contention. The transcript of the evidence on the first trial was not shown by its informal motion to have ever become a part of the record in the County Court of Pike County.

(2) It is insisted that the motion to exclude the evidence of the record of the Pike County trial and strike the plea from the files should have been sustained, and that the lower court erred in not so doing. The two declarations do not essentially differ in their allegations, except that the first one was filed in January in a replevin suit, and the second replevin suit was filed after all the installments had become due. Neither the declaration nor the pleading in any way indicated that any question of title was involved in the trial of the first case, but the issue raised by the declaration in the first suit was a default in payments prior to the filing of the affidavit for a writ of replevin and an acceleration of the installments not due, provided, of course, there had been a prior default. The right to acceleration under the written contract and note was based upon a default in the payment of one or more installments due on the note. Likewise, the second declaration was based upon a default in the payment of all of the installments since August, 1938, to the time of the filing of the declaration.

The second replevin proceeding embraced installments on the note which had become due subsequent to January 17, 1939, and at the time of the second replevin suit the exhibits show that all the installments had become due.

Appellant assigns as error the action of the court below, in holding as a matter of law, that the first judgment in replevin was conclusive of and barred the second action of replevin.

Appellee contends that the former adjudication in replevin is res adjudicata of the replevin suit at bar, for the reason that it is the same party plaintiff, the Commercial Credit Company, it is the same defendant, Ellis Newman, the same Plymouth Sedan automobile, the same written contract and note, and asked for the same relief.

Appellee further contends that under Section 3097 of the Code of 1930, a plea of not guilty is the only plea permissible in replevin and puts in issue every question that could possibly be litigated in the lawsuit and set out in the declaration, and cites Munn v. Potter, 111 Miss. 180, 71 So. 315; Porter Hardware Co. v. Peacock, 129 Miss. 129, 91 So. 856; Hogan et al. v. Commercial Credit Co., 150 Miss. 653, 116 So. 298; Bell v. Smith, 155 Miss. 227, 124 So. 331; Townsend v. Beavers, 185 Miss. 312, 188 So. 1, 189 So. 90; Brown v. Attala Drainage District No. 2, 185 Miss. 386, 187 So. 529; and Browne v. Merchants Co., 186 Miss. 430, 191 So. 120.

It is not true that a former judgment adjudicates every question that could possibly be litigated, and the authorities cited, supra, do not demonstrate the assertion.

The rule is tersely stated in Davis v. Davis, 65 Miss. 498, 499, 4 So. 554, 555, in this language: "The mere fact that a claim might be propounded in a suit does not make it res judicata if in fact it was not embraced in it. There is much loose talk on this subject in the books, but the true distinction may be found set forth in Hubbard v. Flynt, 58 Miss. 266, according to which the plea of res judicata is not available here." See also Scully v. Lowenstein, 56 Miss. 652.

The plea of not guilty puts in issue all material facts of the case, and all of the material facts alleged in the declaration. See Bell v. Smith; Hogan v. Commercial Credit Company, supra.

The plea of not guilty in the former replevin suit put at issue the allegation of the declaration that prior to the filing of the affidavit in replevin, Newman was at that time in default in the payment of his installments, and for that reason, under the note and contract, the Commercial Credit Company was entitled to the immediate possession of the property. The declaration, the plea, the attempted recoupment, and the instructions show that on that cause of action this was the only issue submitted to the jury, so that the judgment in the former adjudication only settled that, at the time, the Commercial Credit Company was not entitled to the immediate possession of the automobile in question for the reason that there had been no default in the payments of the installments when the replevin proceedings were instituted in January; and that adjudication did not preclude the Commercial Credit Company from thereafter raising the issue that there had been a default subsequent to the institution of the former proceedings in replevin, and that the default in payments of installments furnished new grounds for replevin, if maintained by the evidence. In the case at bar, it appears by the pleading and exhibits that all of the installments became due in May 1939. The adjudication of the January replevin proceedings could not have had a prospective effect as to subsequent installment payments.

This Court has early held that where money is payable by installments, a distinct cause of action arises upon the following due date of each of the installments, and successive actions may be maintained without the former adjudication operating as a bar to the recovery of an installment which fell due after the former adjudication. See Armfield v. Nash, 31 Miss. 361.

In Fair v. Dickerson, 164 Miss. 432, 144 So. 238, 239, this Court said: "It is true that a judgment in replevin ordinarily determines nothing more than the right of the successful party to the immediate possession of the property in question; but, when the right to possession

is dependent upon title or ownership, and title or ownership is the issue upon which the decision as to the right of possession actually turns, then a judgment in replevin is as fully conclusive upon the said issue of title or ownership as would be the same determination in any other form of action or in any other court of competent jurisdiction. 34 C. J., pp. 964, 965.''

No question of title, failure of consideration, fraud or the like was involved in the first adjudication between these parties. Therefore, any right of action which arises subsequently to the unsuccessful plaintiff remained undisturbed by the former adjudication.

The proof offered by the defendant Newman did not establish res adjudicata as to the second replevin suit, but did adjudicate that appellant was not entitled to the possession of the car when the former replevin suit was instituted.

In this case, we shall forbear any extended analysis of the pleading in the case at bar. There was no plea of not guilty filed in the case at bar. We think the motion to strike the plea of res adjudicata to the date of the first affidavit is likewise an innovation.

For the reason that the record discloses that the evidence offered by the defendant was excluded, we have determined to reverse this case for an adjudication upon the merits, if the appellee shall see fit to plead properly.

The former adjudication established res adjudicata as to the issues settled by it, but not so as to subsequent issues.

Reversed and remanded.

**Ethridge, J.,** delivered a specially concurring opinion.

I concur in the result reached in this case, but not in all that is announced in the majority opinion in support of the judgment.

This was a replevin suit for repossession of property sold under a written contract, to the appellee, on a deferred payment plan, the payments running over a series of months. The declaration in the former suit stated that by reason of defaults in payments the defendant had lost his right of possession. At that time only a portion of the installments had matured, many of the installments not then being due, unless accelerated under the contract.

There was a plea of the general issue in the first suit, and another attempted plea setting up certain matters unknown to the proceeding in replevin as defenses to the subject matter or merits of the case.

There was a verdict for the defendant in the former suit, and the plea of res judicata was filed in the present suit, making the pleadings and judgment in the former suit exhibits to the plea. The plea of res judicata is a plea in bar, and not a plea to the merits, and the sufficiency of the plea in bar is for the decision of the judge upon the pleadings and the judgment. In considering a plea of res judicata the Court should be governed by the issues involved in two suits, and the evidence or instructions in the first suit are not germane to the plea of res judicata, for the reason that all matters which could be litigated in the former suit under the pleadings then before the court are concluded by the judgment, whether actually litigated or not. See Hardy v. O'Pry, 102 Miss. 197, 59 So. 73; Dean v. Board of Supervisors, 135 Miss. 268, 99 So. 563; Bates v. Strickland, 139 Miss. 636, 103 So. 432; and cases in 9 Miss. Dig. Ann., title Judgment, 713(2).

In these cases it is announced that not only are matters concluded which were litigated in the suit, but all matters which could properly have been litigated from the issues joined in the suit, and defenses that could have been made, although not actually made, are treated as being final, because the parties should present all of the matters therein which are properly litigable.

I concur in the view that as the declaration in the first suit showed that only a few notes have matured, and the contract there involved showed that other notes were still unmatured, the judgment only precluded inquiry into the notes which had then matured. I concur on this point with some doubt, because no affidavit was filed with the plea of the general issue in the first suit, by the defendant therein, that he had not signed the contract involved in the declaration and without complying with section 1587 of the Code the execution of the contract was not put in issue by the plea of the general issue.

Were it not for this statute the whole suit would be barred, because the general issue would have embraced the denial of the execution of the contract, as well as forfeiture of the right of possession. A plea of res judicata is a plea in bar, and not a plea to the merits; and if relied on, should be specially pleaded, and should be decided on the pleadings, and not on the merits. The plea of the general issue in replevin put in issue all facts on the merits of the suit, but did not put in issue the former adjudication. The general issue of ''not guilty'' puts in issue the facts on the merits; and the two pleas, not guilty, and res judicata, are not properly pleadable together. The plea in bar should be heard first, and is for the decision of the court alone; whereas, the decision on the merits is for the decision of the jury under the direction of the court.