BENJAMIN B. FRIZELL, Administrator, &c. *v.* JOHN WHITE.

It is indispensable both at common law and under the statute of 1842, (Hutch. Co. 817,) to maintain the action of replevin, that the plaintiff have the right of immediate possession of the property.

The delivery of the slaves by W. to L. upon a demand being made, shows that the right of immediate possession of the property was not in W. when the suit was brought, and therefore W. had no right to recover.

Where the court below improperly granted a new trial, and that is assigned for error, this court will examine the case as it was then presented, and pronounce judgment accordingly, without reference to a different state of the case appearing upon a subsequent trial.

In error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The facts of the case are contained in the opinion of the court.

*D. Mayes* for appellant.

If the evidence does not tend to show each essential fact, the instruction that the jury ought to find for the defendant was correct, and the new trial should have been refused.   The suit should not have been revived against Frizell, the administrator of Hoy.   The reviving of suits by *scire facias* is of statutory ·origin.   Our statute only authorizes the revival where the cause of action by law survives against the executor or administrator as such.   Hutch. Co. 841.   The cause of action is by statute (Hutch. Co. 670) declared to survive, in cases which might have been maintained against the deceased.

These provisions have reference to causes of action, and not to the form of the action that may be instituted or revived. For the cause of action which White claimed to have against Hoy, an action of replevin against the administrator is wholly inappropriate.   The object of the action is to have a replevy (redelivery, as the word imports) of the goods sued for.   The primary object is to recover back the chattel itself, the damages are but consequents of the recovery of the thing, (20 Wend. 172; ·3 Shepl. 20,) and the whole proceeding, as regulated by our stat-

ute, Hutch. Co. 817, is inconsistent with the idea that the act was intended to give the action against an administrator for the wrongful taking or detention by his intestate. An administrator is not the representative of his intestate as to the goods of others in his hands, and if he take possession, he does so, not in right of his representative character, and therefore is not responsible to the owner for his act, as administrator, but as for his own wrong. The most analogous case to which I can refer is the action of detinue, which cannot be revived against an executor or administrator. *Jones* v. *Littlefield*, 3 Yerg. 133. At the passage of our statute authorizing the *scire facias* to revive, no such action as our present action of replevin was known. It is given by statute, and only against him who has taken and him who detains. Its object being to replevy, it cannot possibly have that effect if brought against an executor or administrator. Where a statutory provision is absurd if construed literally, the court will a little depart from the letter to give a rational application, says Blackstone.

The plea of Frizell that Fanny, Harriet, Mitchell, Moses, and York, never came to his hands, was a good plea, and the demurrer thereto should have been overruled. In detinue for slaves, the defendant may plead *puis darrien continuance*, that the slaves are dead. *Bethea* v. *McLennon*, 1 Ired. 523.

*T. C. Tupper* for appellee.

The new trial was properly granted, because the evidence did tend to prove the facts necessary to sustain the action. The title was shown to be originally in the plaintiff, by his purchase from Hays, and his peaceable possession. There is no testimony showing that the plaintiff, White, was ever deprived of this title. The delivery to Lawson, and the subsequent possession of Hoy & Thorn were not inconsistent with White's exclusive title, or of his right to immediate possession; and White's resuming his possession is not shown to have been wrongful. Therefore the court erred in instructing the jury to find for defendant, and properly granted a new trial. See Replevin Act of 1842, Hutch. Co. 817. The action was properly revived against the administrator of Hoy, Hutch. Co. 841,

§ 47, 48, 52, 53. "All actions may be revived, &c., (when the cause of action by law survives"). Ib. 670, § 111. All actions survive except slander and for injuries to the person.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of replevin under the act of 1842, brought by John White, in his lifetime, against William Hoy, in his lifetime, for certain negro slaves, alleged to have been wrongfully detained by Hoy from White, who claimed to be entitled to the immediate possession of them.

The case was tried between the original parties at the April term, 1846, of the Madison circuit court, and the plaintiff, in support of his action, gave in evidence the following facts. That the plaintiff purchased the slaves from one Hays, in the year 1835, and took and held possession of them until about the 1st January, 1839, when one Lawson came and demanded them; they were delivered to him, and carried off by him, and remained absent until about 20th February, 1839, when they were placed on the plantation where White lived, but under an overseer who acted, as he said, for Hoy & Thorn, and remained there until the year 1841, when they were taken from that place by Hoy; that in August, 1841, they were taken by White from the possession of Hoy, at night, and without Hoy's knowledge, and kept in White's possession two days, and then taken from him by the sheriff, accompanied by Hoy and others, under a search warrant; that while the slaves remained on the plantation where White lived, and under the overseer of Hoy & Thorn, there were frequent difficulties between the overseer and White about the possession and title of the slaves; that Hoy & Thorn sold the crops, and controlled the proceeds of their labor, and that between 1835 and 1839, White and Thorn entered into partnership, but how, or to what extent, or for what purpose, does not appear.

This being all the evidence on the part of the plaintiff, the defendant moved the court to instruct the jury "that if they believe every fact which the plaintiff's evidence tends to prove, they ought to find for the defendant," which was given by the court, and a verdict and judgment were rendered thereupon for

Frizell *v.* White.

the defendant. A motion to set aside the verdict and for a new trial, was thereupon made by the plaintiff, which was sustained, and a trial awarded. To this action of the court the defendant excepted.

Afterwards, the defendant Hoy died, and the plaintiff moved the court to revive the suit by *scire facias* against Frizell, his administrator; which motion was sustained, and exception taken thereto by the administrator. At a subsequent term, the case was tried and a judgment rendered on verdict for the plaintiff, and it is thereupon brought here by the defendant below by writ of error.

The first ground of error urged in behalf of the plaintiff in error is, that the court below erred in setting aside the original judgment and in granting the new trial. This brings up the propriety of that original judgment, which depends upon the inquiry whether the plaintiff's evidence, giving it its full weight and drawing from it every legal inference of which it was susceptible and which the jury might properly have drawn, was sufficient to maintain the action.

It is indispensable, both at common law and under our statute of 1842, to maintain the action of replevin, that the plaintiff have the right of immediate possession of the property. Here the evidence shows that White purchased the property, and that gave him the right of possession. But afterwards, upon the demand of Lawson, he delivered the slaves to him. Upon what ground this demand was founded, or for what purpose the delivery was made, it is impossible to determine from the evidence. The presumption of law is, that the demand was rightful, as it was yielded to by White without objection. So far as is shown by the evidence, the delivery of possession to Lawson was absolute and unqualified, with no claim on the part of White to resume the possession, nor any thing from which such right could be inferred. Thus, Lawson must be held to have been invested with the absolute right of possession, and by the act of White. How was that right determined or reinvested in White? There is no fact or circumstance stated in the evidence tending to show such a state of case. Admitting that the slaves were improperly controlled by the overseer of

Hoy & Thorn on the plantation, still this would not destroy his right of possession. If it could be inferred that they were improperly placed there by Lawson, there is nothing shown from which it could be inferred that he thereby forfeited his right, much less that White became entitled to it. Then the right of possession continued in Lawson at the time the slaves were taken away from the plantation by Hoy, and there is no evidence to show that it was determined by that act, and having been rightfully acquired, it must be presumed so to continue until it be shown to be properly determined.

It can scarcely be contended, that this right was determined by White's taking the slaves from Hoy's possession in the night and keeping them for two days. For all that appears in the evidence, this act was without authority, and could not affect Lawson's right of possession. Lawson was the proper party clothed with legal right to take the slaves from Hoy's possession; and even if they had been delivered by Hoy to White, this right of possession would not thereby have been destroyed in Lawson and restored to White, much less could such a result be effected by the unauthorized taking of White. It is, therefore, clear, that so far as the plaintiff's right was shown by the evidence on the trial, there was nothing to prove that he had such right of immediate possession as is necessary to maintain this action, and it follows that the original judgment was right, and that the new trial was improperly granted.

In coming to this conclusion, we cannot look to the subsequent details of the merits of the case, nor notice in how far the plaintiff's right was more favorably presented on the new trial. We are confined to the adjudication of the legal rights of the parties as they appear by the record, and if on one presentation of the case, the court below improperly granted a new trial, it is our duty, when that is assigned for error, to examine the case as it was then presented, and to pronounce our judgment accordingly, without reference to a different state of the case appearing upon a subsequent trial. Under this view of the case, we give no opinion upon the numerous questions presented on the new trial.

The judgment is reversed, and a judgment rendered for the defendant below.