JEFFERSON D. HIGHTOWER ET AL. v. WILLIAM E. HENRY.

1. EVIDENCE.  *Writing.  Parol.*

   The terms of a written contract cannot be varied or enlarged by parol.

2. SAME.  *Concrete case.*

   A duly executed writing in these words, "On or before November 15th, next after date, I promise to pay to the order of Hightower & Cassity three hundred and sixty dollars, rent for ninety acres land at four dollars per acre, of Laban plantation, for the year 1901. Value received," is not only a promissory note, but a contract which cannot be varied by parol evidence showing an agreement on the part of the payees and landlords to put a fence around the leased premises.

3. DAMAGES.  *Claimant's fault in part.*

   Where it appeared that a part of the damages claimed was caused by claimant's own wrong, he should not be awarded anything in the absence of all evidence showing the extent of the damages so caused.

FROM the circuit court of, first district, Bolivar county.

HON. A. McC. KIMBROUGH, Judge.

Henry, the appellee, was the plaintiff, and Hightower and another, appellants, were defendants in the court below. From

a judgment in plaintiff's favor the defendants appealed to the supreme court.

Defendants, as landlords, sued out an attachment for rent, and caused the same to be levied upon plaintiff's, the tenant's, cotton. This suit, an action of replevin for the cotton, was then begun by the plaintiff, Henry. The defendants, Hightower and another, appellants, pleaded an avowry, that the cotton was rightfully seized for rent due to them and in arrear from their tenant, Henry, the appellee. To this avowry the appellee, Henry, replied, setting up that no rent was due by reason of the failure of the defendants, the landlords, to comply with their contract and build a good and sufficient fence for the protection of crops upon, and the exclusion of cattle and other live stock from, the leased premises, and that thereby the plaintiff had been damaged in a sum greater than the amount claimed for rent by the defendants. This replication was traversed by the defendants, and upon the issue thus presented the case was tried. The opinion of the court contains a further statement of the facts upon which the decision was based.

*Charles Scott, Woods & Scott,* and *Frank Johnston,* for appellants.

The evidence of the verbal contract of lease is incompetent and inadmissible. 2 Parsons on Contracts (5th ed.), 548; Bishop on Contracts, 128; *Young v. Jacoway,* 9 Smed. & M., 212; *Brantley v. Carter,* 4 Cush., 282; *Lumber Co. v. Lumber Co.,* 71 Miss., 944; *Herndon v. Henderson,* 41 Miss., 584; *Cocke v. Bailey,* 42 Miss., 81; *Kerr v. Kuykendall,* 44 Miss., 137; *Wren v. Hoffman,* 41 Miss., 616; *Baum v. Lynn,* 72 Miss., 936; *Thompson v. Bryant,* 75 Miss., 15; *Coats v. Bacon,* 77 Miss., 320.

The instrument under consideration specifies the rent reserved, the property leased, the term of the lease, and the time for the payment of the rent. It thus stands as a complete and explicit contract of lease.

It is true that the tenant alone signed the instrument, but this is a wholly immaterial consideration for two conclusive reasons: First, the acceptance of this written contract, which contained the recital that there was a leasing of the property specified for a year, bound the landlords by its terms; and in the second place, it stands as an executed contract so far as the landlords are concerned.

The court below should have granted the peremptory instruction for the defendants.

As a proposition of law the plaintiff was not entitled to any recovery on his claim for damages without satisfactory evidence showing the amount of damage to his crop that was done by the cattle that got into his field through the negligence of the landlords. This was not done, and there was no effort whatever made by the plaintiff to separate or distinguish the damage that was caused by his own acts and negligence.

*Sillers & Owen,* for appellee.

Farmers and men not versed in the rules of business dealings are not held to the same strict methods that business men are. An account stated will bind a merchant or a lawyer within a time and under circumstances that will not bind a farmer or laborer or other persons ignorant of the usages of business. The courts have felt it necessary to relax the rules of strict constructions when dealing with the unlearned class. *Anding* v. *Levy,* 57 Miss., 51.

There seldom is a contract made between landlord and tenant that matters other than the rent do not come into it. There is nearly always a contract on the part of the landlord or the tenant to repair fences or houses, clean out ditches, and keep up fences, made outside of the rent note, and great injustice would be done if the courts should hold that the execution of a rent note shuts out proof of these items.

The rent note is only one side of the contract. It is only a promise to pay the rent by the tenant, and is not intended to

represent the entire contract between the landlord and tenant. The landlord is, in ninety-nine cases out of a hundred, better versed in business methods and the law than his tenant, and if he is allowed to make a verbal contract with his tenants, and afterwards make a rent note nullifying all of the contract, except the promise to pay rents, it will work great hardship on the man who earns his bread by the sweat of his brow—a class of whom the courts are always considerate, as they should be.

The sole question for the consideration of the court is whether a rent note is such a contract as will wipe out all verbal agreements to repair; all other questions have been settled by the jury.

WHITFIELD, C. J., delivered the opinion of the court.

The appellee executed the following note to the appellants: "Mound City, Miss., May 1st, 1901. On or before November 15th, next after date, I promise to pay to the order of Hightower & Cassity $360, rent for ninety acres of land at four dollars per acre, of Laban plantation, for the year 1901. Value received. W. E. Henry." This is not simply a promissory note, but a contract embracing all the terms of a contract between the parties. On the trial in the court below the appellee offered testimony to show that early in the year appellants agreed verbally that they would repair the fences, and that appellee would not have made the contract unless Hightower & Cassity had agreed to put a good fence around the place to keep out the cattle. This testimony the court below, over the objection of the appellants, admitted. A majority of the court are of the opinion that this testimony was clearly incompetent. It would be adding to the terms of a written contract a new term by parol. A majority of the court are also of the opinion that the testimony shows that part of the damage sustained by the depredations of cattle was due to the negligence of appellee himself in leaving down gaps in his fence, and that the testimony fails to show what part of the damage was due to the

negligence of appellants, and that, on this state of the evidence, the court might well have given a peremptory instruction for the plaintiffs.

*The result, in either view, is that the judgment must be, and is hereby, reversed, and the case remanded for a new trial.*