## PORTER HARDWARE CO. *v.* PEACOCK.

[91 South. 856.  No. 22545.]

1. REPLEVIN. *Not guilty is the only plea permitted.*
   "Not guilty" is the only plea permitted in an action for replevin.

2. REPLEVIN. *Only money judgments that can be rendered are for value of property or interest therein and damages for wrongful taking and suing out of writ.*

   The only judgments for the recovery of money that can be rendered in an action of replevin are for the value of the property involved or the interest therein of the party recovering for damages for the wrongful taking or detention of the property and for damages for the wrongful suing out of the writ.

3. SALE. *Rescinding buyer has lien for price; in seller's replevin action, buyer is not entitled to judgment for recovery of money paid.*

   Where a buyer has and seasonably exercises the right to rescind a sale, he may retain the property purchased until any money he may have paid the seller thereof has been refunded, but in an action of replevin by the seller to recover possession of the property sold the buyer is not entitled to a judgment against the seller for the recovery of the money so paid him.

4. EVIDENCE. *Conditional sales note cannot be varied by parol evidence of warranty.*

   A writing, executed by a purchaser to a seller, containing a promise to pay the seller a certain sum on or before a certain date, and reciting that: "This note executed for the following described property: fourteen horse power Waterloo engine . . . which I have this day received from the Porter Hardware Company with the express agreement and understanding that the title to the said property is now and shall remain in the said Porter Hardware Company until all said notes are paid in full" etc.—is not only a promissory note, but a contract which cannot be varied by parol evidence showing that the seller warranted that the engine would generate power sufficient to run a particular factory.

129 Miss.—9

APPEAL from circuit court of Lafayette county.

HON. W. A. ROANE, Judge.

Action by the Porter Hardware Company against J. W. Peacock. Judgment in favor of the defendant, and the plaintiff appeals. Reversed and remanded.

*W. G. Boyett,* for appellant.

That the judgment of the court in this case is contrary to the law and the evidence. The sole issue to be tried in this case is the question of the right of possession of the property involved in this suit. 46 Miss. 245.

Admitting testimony to show anything but the right to possession of the property involved is contrary to the provisions of Code section 4232, defining the issues joined in a suit for replevin. "The declaration may be filed after the issuance of the writ if it be filed on or before the first day of the return term, or before any order of dismissal be taken; and the action may be tried at the first term of the court. The defendant may plead that he is not guilty of the premises charged against him, and this plea shall put in issue not only the right of the plaintiff to the possession of the property, but also the wrongful taking and detention, or wrongful detention thereof, as the case may be.

Not guilty, is the only plea to the action. Any other plea may be stricken out on motion or treated as a nullity. *Bennett* v. *Holloway,* 55 Miss. 211.

Paragraph 4, page 1416, 34 Cyc: "The rule is well settled in early cases that a set-off is not allowable in an action of replevin, except where equitable relief may be demanded under exceptional circumstances and in some jurisdictions the filing of a counterclaim in a replevin suit is expressly prohibited by statute."

It is the contention of appellant that the question of breach of warranty, if maintainable at all, is maintainable as a separate action, apart from the right to the pos-

session of the property which is the question presented by the declaration and plea in replevin. 12 S. & M. 233.

The court erred in admitting parol testimony to change, alter or contradict the terms of a written contract to-wit: the sale contract, which is the basis of this action.

A careful consideration of the contract in this case, upon which appellants based their suit, conclusively presents the proposition that the contract is complete within itself and needs nothing to enlarge its scope so as to conform to the intention of the parties at the time of the making of the contract. It is error to admit parol or extrinsic evidence, either to add to or ingraft upon a contract complete within itself between the parties.

Section 1481, page 1119, Vol. 22, Corpus Juris; Footnote 83, page 1119, Vol. 22, Corpus Juris; *Hebard* v. *Cutler,* 91 Vt. 218, 99 A. 879; Section 441, page 554, Jones on Evidence; *National Cash Register Co.* v. *Blumenthal,* 86 Mich. 464; *Hightower* v. *Henry,* 85 Miss. 476, 37 So. 745.

The plea of "not guilty" is the only plea admissible in this action by the defendant, any other plea or matter arising under any other plea, is inadmissible, as the right to the possession of the property involved and damages are the sole issue for the jury.

The contract in this case defines the rights of the parties. In bringing the suit in replevin the plaintiff was enforcing the contract rather than rescinding it. It is a written contract of conditional sale, absolute and complete between the parties, a breach and demand followed by the regular, legal suit in replevin. Code 1906, section 2232, provides: ".  .  . The defendant may plead that he is not guilty of the premises charged against him and this plea shall put in issue not only the right of plaintiff to the possession of the property but also the wrongful taking and detention." Not guilty is the only plea to the action. Any other plea may be stricken out on motion or treated as a nullity. *Bennett* v. *Holloway,* 55 Miss. 211.

The jury in this case was unwarranted in assessing damages for breach of warranty without some evidence of the amount defendant was damaged by such breach, granting that the defendant had the right to introduce such evidence. *Parr* v. *Gibbons,* 27 Miss. 375.

The court erred in refusing to exclude such evidence offered by the defendant in an attempt to show a breach of warranty and in refusing plaintiff's request for a peremptory instruction. Set-off, recoupment and counterclaim cannot be maintained in an action to recover property, such arising out of some alleged breach of contract, the action of replevin sounding in tort and taking the nature of tort.

"It was also charged as a plea of set-off to-wit that such a plea was allowable in any case under our pleading acts because the action was for unliquidated damages, in part at least." *Whittaker* v. *Roberson,* 8 S. & M. 349; *Gordon* v. *Bryan,* 2 Jones (N. Y.) 150; Montague on Set-Off, 13, 17, 19 quoting from the opinion of the court in the case of *Burrers* v. *Gordon,* 57 Miss. 93.

*Harry M. Bryan,* for appellee.

Appellant contends that the judgment of the learned court below is contrary to the law and the evidence and assails the admissibility of any evidence to show other than whether or not the plaintiff was entitled to possession. Yet counsel sets out in full section 4232, Code of 1906 (Hemingway's Code, section 3061), which provides that the plea of the defendant shall put in issue "not only the right of the plaintiff to the possession of the property, but also the wrongful taking and detention, or wrongful detention thereof, as the case may be.".

Appellant places great reliance upon the case of *Bennett* v. *Holloway,* 55 Miss. 211. An examination of this case will clearly show that it is distinguishable from the

case at bar.   In the Bennett case the defendant filed two pleas: One, "not guilty," and the other, a special plea.   The court, speaking through Judge CAMPBELL, said, in part: "It was erroneous to render judgment for the plaintiff on his motion, based on the ground that the defendant had pleaded two pleas that cannot be joined in law."   This action of the court was based on a misconception of section 597 of the Code, which has no reference to the action of replevin, which is governed by chapter 16 of the Code. The plea of not guilty is the only one provided for in replevin, as regulated by that chapter of the Code, and any additional plea may be stricken out, on motion or treated as a nullity, but section 597 relates only to those actions in which several pleas in bar may be pleaded together.

"The evidence entitled the defendant below to the verdict, and the motion for a new trial should have been granted."

We deem it unnecessary to remind the court that in the instant case only one plea, that of "not guilty" was filed by the defendant.   It is true that he set up recoupment or counterclaim in his notice under the general issue but not as a special plea.   This recoupment, or counterclaim, arose from the breach of warranty by appellant which was overwhelmingly established by competent proof and so decided by a jury of twelve good and lawful men.

It was established at an early date in this state that a set-off could be proven under the general issue if the items thereof be filed with the plea and notice required by statute be given (See section 744, Code of 1906, Hemingway's Code, section 527.) *Kershaw* v. *Merchants Bank,* 7 How. 386; *Alliston* v. *Lindsey,* 12 Sm. & M. 656; Code, section 529; See also in harmony with this view the cases of *Lapham* v. *Osborne,* 20 Nev. 168, and *Holderman* v. *Mainer,* 104 Ind. 118.

Why compel a defendant to bring a new and separate action to recover for a breach of warranty where the parties, the subject-matter, the very transaction, are the same?

Especially, when not only the right to possession is sought by plaintiff but damages for the unlawful detention?

Appellant cites 34 Cyc. 1416 par, in support of its contention that recoupment or counterclaim cannot be filed in the action of replevin. Our own supreme court has not taken this view, for in the following cases, which evidently escaped the notice of counsel for appellants, such practice was not only allowed but expressly approved: *Mary Mc-Kean* v. *John Mathews Apparatus Co.,* 74 Miss. 119; *Bates* v. *Snider,* 59 Miss 497. See, also *Gabbert* v. *Wallace,* 66 Miss. 618; *Dreyfus* v. *Cage,* 62 Miss. 733; *Bates* v. *Snider,* 59 Miss. 497; *Bloodworth* v. *Stevens,* 51 Miss. 475; *Foundry Co.* v. *Pascagoula Ice Co.,* 72 Miss. 615; *Burrage* v. *Melson et ux.,* 48 Miss. 243; 34 Cyc. 623; 657, and as to counterclaim see 34 Cyc. 659.

Counsel for appellant decries the effort of defendant for attacking a written contract. There is no attack on the contract. The seller of personal property, especially of machinery, impliedly warrants the particular thing to be suitable for the purpose for which it is to be used. *Lumbermen's Supply Co.* v. *Poplarville Sawmill Co.,* 117 Miss. 274, 78 So. 157; *Bowers* v. *Southern Automatic Music Co.,* 114 Miss. 25, 74 So. 774; *D. Rosenbaum's Sons, et al.* v. *Davis & Andrews Co. et al.,* 111 Miss. 278, 71 So. 388.

Section 565 of Hemingway's Code is as follows: "No Special Form of Verdict Required.—No special form of verdict is required, and when there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein.

Appellee, in view of the foregoing, respectfully and confidently asks for affirmance of this cause. If there is error in the record counsel has failed to find it. I have refrained from a discussion of the voluminous mass of testimony in this case purposely for, to my mind, it was amply, even overwhelmingly, sufficient for the verdict of the jury so written.

Smith, C. J., delivered the opinion of the court.

This is an action of replevin in which the appellant, the plaintiff in the court below, seeks to recover from the appellee, the defendant in the court below, a gasoline engine which it had sold to the appellee on credit, reserving the title thereto until the purchase price should be fully paid. The sheriff in executing the writ of replevin took the engine into his possession, and no bond therefor was given by either party. It appears from the appellant's declaration that the engine was sold to the appellee for five hundred and fifty dollars of which the defendant paid, at or about the time of the purchase, one hundred fifty-six dollars and sixty-five cents. The appellee filed a plea of the general issue, and gave notice in writing that he would offer evidence to prove that the engine was warranted by the appellant to be a fourteen horse power Waterloo engine, and would generate power sufficient to run the machinery of an ax-handle factory, then owned and operated by the appellee, for use in connection with which the appellant knew that the engine was being purchased; that after due trial the engine would neither generate fourteen horse power nor sufficient power to run the appellee's factory, for which reason the appellee notified the appellant that he desired to rescind the sale, to which the appellant refused to agree; that he had paid the appellant one hundred fifty-six dollars and sixty-five cents on the engine, and would demand a judgment over against the appellant therefor. At the time of the sale of the engine the appellee executed and delivered to the appellant a written instrument in words and figures as follows:

"On or before the 28th day of February, 1921, for value received I promise to pay to the Porter Hardware Company at Oxford, Lafayette county, Mississippi, or order five hundred and fifty and no/100 dollars ($550) with interest at the rate of eight per centum per annum from date until paid.

"Negotiable and payable at Oxford, Mississippi. This note executed for the following described property: four-

teen horse power Waterloo engine and account payable one hundred dollars every three months as follows: August 28, 1920, November 28, 1920, two hundred dollars February 29, 1921.

" . . . Which I have this day received from the Porter Hardware Company with the express agreement and understanding that the title to the said property is now and shall remain in the said Porter Hardware Company until all said notes are paid in full, and who shall have the right in case of nonpayment of this or either of said series of notes, or at any time they deem themselves insecure, or if the property is sold or removed from the district where it is located, to enter and retake possession of said property, wherever it may be and remove the same," etc.

At the trial the appellee was permitted over the objection of the appellant to introduce evidence in accordance with the notice given by him with his plea.

The instructions to the jury granted at the request of the appellee are to the effect that if the jury believe certain facts to "find for defendant in his counterclaim demand for repayment of said money." One of the instructions is as follows:

"The court instructs the jury for the defendant that if from the evidence in this case you find for the defendant on his counterclaim against plaintiff, the form of your verdict shall be: 'We, the jury, find for the defendant on his counterclaim against plaintiff in the sum of $———' (filling in the blank), and not to exceed the amount counterclaimed by defendant in the pleadings on file in this cause."

The verdict returned by the jury is:

"We, the jury, find for the defendant one hundred fifty-six dollars and sixty-five cents."

The judgment rendered after setting forth the verdict recites:

"And the court being of the opinion that the defendant did not deny the right of plaintiff under the contract of sale in this cause to retake into its possession the en-

gine in controversy in this suit, but did deny the right of
the said plaintiff to have and recover damages of him for
the unlawful detention thereof, and the jury aforesaid so
found for said defendant, it is ordered and adjudged by
the court that the plaintiff have and recover the posses-
sion only of the said engine, and that it takes nothing by
way of damages from said defendant; and it is further or-
dered and adjudged by the court that the defendant, J. W.
Peacock, have and recover of plaintiff, Porter Hardware
Company, the sum of one hundred fixty-six dollars and
sixty-five cents, with legal interest thereon from date un-.
til paid, together with all costs in this behalf expended,
for all of which let execution issue."

The assignments of error are to the effect that the court
below erred: First, in permitting the defendant to intro-
duce evidence in support of his "counterclaim" of which
notice was given with his plea; second, in permitting parol
testimony that the plaintiff had warranted the engine to
be capable of generating power sufficient to operate the
defendant's factory; and, third, in rendering a judgment
against the plaintiff in favor of the defendant for the pay-
ment of the one hundred fifty-six dollars and sixty-five
cents found to be due him by the jury.

"Not guilty" is the only plea permitted in an action of
replevin (Code of 1906, section 4232; Hemingway's Code,
section 3061; *Bennett* v. *Holloway,* 55 Miss. 211), but
whether it is necessary to give notice of affirmative mat-
ter to be given in evidence under it need not now be de-
termined, for certainly no harm can result from so doing.
The demand in the notice filed with the appellee's plea
for a judgment against the plaintiff for the money paid
it for the engine, however, amounts to nothing, and cannot
be enforced, for the only judgments for the recovery of
money that can be rendered in an action of replevin are
for the value of the property involved or the interest there-
in of the party recovering for damages for the wrongful
taking or detention of the property and for damages for
the wrongful suing out of the writ (sections 4233, 4234,

4235, Code of 1906; Hemingway's Code, sections 3062, 3063, 3064), and a judgment for the money paid the plaintiff on the engine is not within any of these classes.

If the appellee had the right to rescind the sale and exercised it reasonably, he has the further right to retain the engine until the money paid· by him on it has been refunded to him (Williston on Sales, section 610), but has not the right in an action of replevin to a judgment and execution for the recovery of the money so paid.

The instrument signed by the appellee at the time of the sale cannot be distinguished in so far as the parol evidence rule is concerned from the one signed by the appellee in *Hightower* v. *Henry*, 85 Miss. 476, 37 So. 745, and consequently must be held to be "not simply a promissory note, but a contract embracing all the terms of the contract between the parties." Consequently parol evidence to the effect that the appellant warranted that the engine would generate sufficient power to operate appellee's factory should not have been admitted. What the appellee promised to pay for according to the written contract was a "fourteen horse power Waterloo engine," and not for such an engine provided it would generate power sufficient to operate his factory. While there are authorities to the contrary (Williston on Sales, section 610; *Pryor* v. *Ludden, etc.,* 134 Ga. 288, 67 S. E. 654, 28 L. R. A. [N. S.] 267), the case of *Hightower* v. *Henry, supra,* must control.

The judgment which the appellee sought and obtained was not that he might retain possession of the engine until the money paid on it by him should be refunded, but was that he recover of the plaintiff the money so paid. No such judgment can be herein rendered as hereinbefore explained.

*Reversed and remanded.*