BELL *v.* SMITH.

(Division B. Oct. 28, 1929.)

[124 So. 331. No. 28078.]

**J. W. Backstrom,** of Leakesville, for appellant.

J. M. Stevens and R. T. Mobley, both of Jackson, C. C. Smith, of Richton, and A. G. Busby, of Waynesboro, for appellee.

Argued orally by **R. T. Mobley** and **J. M. Stevens**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action of replevin against appellee in the circuit court of Wayne county to recover of appellee a Chevrolet automobile. There was a trial resulting in a verdict and judgment for appellee; from that judgment appellant prosecutes this appeal.

Appellant sold appellee a new Chevrolet automobile. The sale was evidenced by a conditional sales contract, in which the title to the automobile was retained in appellant until payment of the purchase price. The contract of sale recites a cash payment of two hundred twenty dollars, which represented a Ford car traded in by appellee at an agreed value of one hundred thirty-two dollars, and appellee's check on a bank for eighty-eight dollars. This left a balance due on the purchase price of four hundred fifty-six dollars, which was to be paid in twelve monthly installments of thirty-eight dollars each. Appellee's bank check for eighty-eight dollars was dishonored, and appellant thereupon demanded of appellee the amount overdue on the purchase price of the car. Appellee failed to make payment; appellant then brought an action of replevin for the car; to the action of replevin appellee interposed the plea of "not guilty." Under that plea appellee made two defenses to the action—infancy and insanity—either of which, if established, avoids the contract.

The court overruled appellant's objection to the evidence introduced by appellee to establish those defenses; that action of the court is assigned and argued as error.

Appellant's position is that these defenses were not admissible under the plea of "not guilty." "Not guilty" is the only plea permissible in an action of replevin; special pleas are not allowed in such actions. The plea of "not guilty" in an action of replevin puts in issue all the material facts of the case. Porter Hdw. Co. v. Peacock, 129 Miss. 129, 91 So. 856; Munn v. Potter, 111 Miss. 180, 71 So. 315; Hogan v. Commercial Credit Co., 150 Miss. 653, 116 So. 298. And under the plea of "not guilty" the defendant may show his incapacity to enter into the contract which is the basis of the action in replevin. Odom v. Harris, 34 Miss. 410.

Appellee was an adult when this cause was tried. He introduced evidence on the trial, tending to show that when appellant demanded of him the payment of the overdue installments of the purchase price of the car, appellee, through his father, offered to return the car to appellant upon condition that appellant return to appellee the Ford car, or its value, which appellee had traded in to appellant as part of the down payment on the car purchased by him; and that appellant declined to accept that proposition—that immediately after the proposition was made by appellee's father, appellant brought replevin for the Chevrolet car. The evidence on behalf of appellant was in conflict with that of appellee as to whether appellee's father made such proposition to appellant.

A contract with an infant is voidable, not void. Where an infant makes a contract, and disaffirms it upon reaching his majority, he must return the consideration if he has not lost or squandered it during his infancy. Harvey v. Briggs, 68 Miss. 60, 8 So. 274, 10 L. R. A. 62; Lake v. Perry, 95 Miss. 550, 49 So. 569. When an infant exercises the privilege to avoid his contract, whether during infancy or upon arrival at full age, the rights of the parties are as if the contract never existed. 14 R. C. L., p. 242, section 25. On disaffirmance of the contract by

the infant, the rights of the parties are to be determined as if the contract had never existed. Page on Contracts, vol. 3, section 1622. The same principles apply to contracts made by persons non compos mentis. Woolbert v. Lee Lbr. Co., 151 Miss. 56, 117 So. 354.

Under those principles, if, when appellee bought the Chevrolet car from appellant, he was incapable, upon either of those grounds, of entering into the contract, and afterwards rescinded the contract, the rights of the parties stood as if the contract had never been made. That being true, appellant was entitled to the return of the Chevrolet automobile, on condition, however, that appellant first restore to appellee the Ford car or its value, which appellee traded in to appellant as part of the down payment for the Chevrolet car. This was a condition precedent to appellant's right to recover the Chevrolet automobile.

Under section 4214 of the Code of 1906 (Hemingway's Code 1927, section 3248), a plaintiff in replevin must have the right to the immediate possession of the property sought to be taken. This was the rule at the common law, and is the rule under the statute. Lloyd v. Goodwin, 12 Smedes & M. 223; Frizell v. White, 27 Miss. 198; Buck v. Payne, 52 Miss. 271; Johnson v. Sanders, 148 Miss. 472, 114 So. 334.

When appellee rescinded the contract (if it was rescinded) appellant was not entitled to the immediate possession of the Chevrolet car unless he restored, or offered to restore, the Ford car or its value. There was evidence tending to show that appellant did neither. The issues of fact were submitted to the jury under instructions more favorable to appellant than he had the right, under the law, to ask; and there was no harmful error done appellant in giving instructions for appellee, nor in refusing instructions requested by appellant. The verdict of the jury can be justified under the law

applied to the case which appellee's evidence tended to establish.

The appellee made application for a continuance of the cause on account of the absence of Clyde Wally, claimed to be a material witness for appellee. In his application for a continuance, appellee set out the facts which he expected to prove by the absent witness. The court refused the application for a continuance, but permitted appellee, over appellant's objection, to read to the jury appellee's affidavit, embodying the facts which appellee expected to prove by the absent witness.

Appellant assigns and argues as error that action of the court. We think appellant's contention is without merit, for the reason that the court reporter's transcribed notes of the history of the trial show that it was agreed between the parties that the affidavit for continuance be read to the jury in lieu of the testimony of the witness Wally personally in the presence of the jury. Appellant contended that no such agreement was made. It is too late, however, for appellant to challenge the truth of the recitals in the record in this cause. Appellant's objection to the reading of the affidavit was a general one. Appellant failed to point out the specific ground of objection. The purpose of the testimony of the absent witness was to show that appellee, through his father, rescinded the contract. Such evidence was relevant to the issue. A general objection to evidence, overruled by the trial court, will not be considered on appeal, unless it be apparent that such evidence had no probative value on any material issue in the cause. Foster v. City of Meridian, 150 Miss. 715, 116 So. 820; Bessler Stairway Co. v. Bank of Leakesville, 140 Miss. 537, 106 So. 445.

Affirmed.