# Davis *v.* Ross.

In Banc. Feb. 27, 1950.

No. 37405 (44 So. (2d) 534)

442

**Leon F. Shelton,** for appellant.

Chambers, Trenholm & Smith, for appellee.

**Hall, J.**

Appellant recovered a judgment against appellee in the county court for $215 damages for breach of a contract for purchase of a Chippendale sofa. This judgment was based upon the verdict of a jury upon a trial of the issue as to the terms of the contract and whether there had been a breach thereof.

The appellee herein appealed to the circuit court which, as an intermediate court of appeal, reversed the judgment of the county court and awarded judgment in favor of the appellee herein, from which action the original plaintiff, appellant herein, appeals to this court. At the conclusion of plaintiff's evidence in the county court the appellee made an oral motion to exclude the same and to peremptorily direct a verdict in her favor, which motion was overruled; thereupon appellee offered evidence in support of her defense and at the conclusion of all the evidence she did not request a peremptory instruction. The circuit court was therefore powerless to award final judgment in her favor and for this reason alone it would be necessary for us to reverse the judgment of the circuit court.

However, the appellant urges that we should here enter that judgment which the circuit court should have entered, i.e., affirm the judgment of the county court with final recovery against appellee and the sureties on her appeal bond to the circuit court, and this contention necessitates a full consideration of the entire case.

Appellant's proof established that she found in the stock of a Jackson department store the type of sofa which she desired to purchase, but that the same had a

small defect caused by the chipping of a piece of wood therefrom in shipment, and further that the color of the upholstery was not what she desired. She went to the place of business of appellee who was engaged in interior decorating as well as the upholstering of furniture and discussed with appellee the matter of having said sofa upholstered by her, but upon learning what the cost would be she abandoned the idea, and then it was agreed, according to appellant's proof, that appellee would duplicate the sofa in question, upholstered with material selected by appellant, for the price of $215, which amount was paid. Subsequently appellee delivered to appellant's home a sofa which differed in four material particulars from the one covered by the alleged agreement, and she declined to accept the same, requested a refund of her money, and finally brought suit for recovery thereof. According to appellant's proof the appellee declined to take back the sofa in question unless appellant would agree that her money should not be refunded until such time as appellee might be able to sell it, and consequently the sofa was left in appellant's living room, but appellant expressly denied responsibility therefor and repeatedly requested its removal.

Appellee's proof was that she did not agree to duplicate the sofa, but only agreed to furnish a Chippendale sofa without any specification as to size, style or shape, and that the one which she delivered was in accordance with the contract. The case was tried and instructions obtained by both parties submitting these issues to the jury with the result heretofore stated.

In justification of the action of the circuit court appellee contends that there was not in this case an unconditional tender of the property back to appellee for which reason no rescission may be had, that appellant cannot claim a rescission and at the same time hold the property for repayment of the purchase price, and that by using the property appellant waived her right to a rescission. Appellee filed a plea of general issue and a notice of

affirmative matter to be proved thereunder; in this notice she admitted that the sofa had been tendered back and that appellant had rescinded the contract, but that tender was not made until the sofa was used. The proof strongly preponderated to the effect that there was a tender before use but no instruction was requested submitting this issue to the jury. In fact it is not seriously disputed in the record that immediate tender was made, nor is there evidence of there having ever been any extensive use of the sofa. ██ █ Under the alleged contract delivery was to be made and was made at appellant's home; consequently she was entitled to tender it back at that place and was not required to pay transportation charges in delivering it back to appellee's place of business. Furthermore, the conditions placed upon redelivery of the property were exacted by appellee and not by appellant. Moreover, appellant was entitled to hold the property, upon prompt rescission by her, until repayment of the purchase money. Porter Hardware Co. v. Peacock, 129 Miss. 129, 91 So. 856. These principles are covered by Williston on Sales. Revised Edition, Vol. 3, Section 610, from which we quote in part:

"In seeking rescission the buyer must take the position of an actor. When the buyer rejects goods because they are not what the contract requires, he is under no obligation to return them; he may simply refuse to regard them as his. But if property and possession have passed and the buyer wishes to revest the property in the seller, a return or offer to return the goods is necessary. 'It is not sufficient for a buyer who has taken delivery of the goods at the vendor's place of business merely to express a willingness or make a proposal to return the goods, or simply to give notice to the seller that he holds the goods subject to his order, or to request him to come and take them back. But, if he would rescind the contract, he must return or tender back the goods to the seller at the place of delivery, unless, upon making the offer so to do, he is relieved of the obligation,

as stated, by a refusal to receive them if tendered.' It is no exception to this rule that if the original place of delivery was the buyer's place of business, mere notice to the seller to remove the goods is sufficient.

"The buyer need not, however, actually deliver the goods to the seller unless the seller repays any portion of the price which has been paid. The buyer has a lien on the goods to secure such repayment with, it may be supposed, similar remedies to those applicable to a seller's lien."

Appellee argues also that the verdict of the jury in the county court was contrary to the great weight of the evidence and that for this reason the same should be set aside, and that the circuit court was correct in so doing. We have carefully reviewed the record and we do not agree that the verdict was against the great weight of the evidence. In our opinion it is amply supported by the evidence.

The judgment of the circuit court is accordingly reversed and judgment will be here entered in favor of appellant and agaist appellee and the sureties on her appeal bond to the circuit court in the amount of $215 with interest from the date of the original judgment in the county court.

Reversed and judgment here.