BRADY, Justice:
This is an appeal from the Chancery Court of Alcorn County, Mississippi, wherein a decree was entered disallowing the claim of Johnson Motors, Inc. against the Estate of Susan- Hathcock Jones, Deceased. The claim, based on a conditional sales contract for the purchase of a 1967 Oldsmobile, was made while Susan Hath-cock Jones was a minor, eighteen years of age, and was disaffirmed by her administrator after her death. From this decree an appeal is taken.
On April 5, 1967, Susan Hathcock Jones, seventeen years of age, hereinafter designated as Minor, and her husband, Raymond Lee Jones, an adult, purchased from Johnson Motors, Inc., the Oldsmobile dealer in Corinth, Mississippi, a 1967 Oldsmobile. The Minor traded in her 1965 Oldsmobile convertible and she and her husband executed a retail installment contract for the balance of the purchase price to pay for the 1967 Oldsmobile. To further secure the balance due, they executed a deed of trust conveying as additional collateral a 1965 Dodge pickup truck, a boat and motor, and other personal property which be *718 longed to Raymond Lee Jones and which is not involved in this lawsuit.
The 1965 Oldsmobile convertible that was traded in was found by the court to have been the property of the Minor. She had acquired the 1965 Oldsmobile through an exchange made for a Cadillac automobile she inherited from her mother when she was seventeen years old.
On September 11, 1967, a decree was entered by the Chancery Court of Alcorn County, removing the disability of minority of the Minor, who was then eighteen years of age. On December 4, 1967, the Minor and her husband, Raymond Jones, both died, apparently because of a homicide and a suicide.
On March 1, 1968, the chancery court entered a decree authorizing the administrator of the estates of the decedents to sell their real and personal property for the payment of debts. On March 30, 1968, the administrator sold the personal property of the decedents, including the 1967 Oldsmobile, pursuant to the decree of the court. On April 5, 1968, the sales were confirmed. The automobile brought $2,290 at the sale, but the sale was rescinded when the controversy arose with the appellant. On April 8, 1968, Credit Life Insurance Company advised that it would not pay the death benefits on account of the death of Raymond Lee Jones since he had committed suicide. Moreover, GMAC is not involved in determining the rights of the litigants in this cause, Johnson Motors, Inc., having settled with GMAC. The record indicates that apparently both appellant and appellee anticipated that Credit Life Insurance Company would pay to David L. Coleman, the administrator, the $1500 due under their policy.
On April 17, 1968, the administrator advised the appellant by letter that he was disaffirming the conditional sales contract which had been executed by the Minor on April 5, 1967, because of her minority at that time. On April 18, 1968, the appellant responded asserting there would have to be full restoration to the status quo as nearly as possible before the contract could be disaffirmed on the part of the Minor, and demanded payment of $3,811.68 plüs the 1967 Oldsmobile to place all parties in status quo.
On April 22, 1968, the appellant filed a petition in chancery court praying that the administrator be required to complete the rescisión of the contract of the Minor by delivering the 1967 Oldsmobile plus the $3,811.68. The $3,811.68 constitutes the balance due on the 1967 automobile of $1,807.47, together with insurance charges, interest on money and recording fees, totaling $2,301.60. The difference between the value of the Dodge pickup truck when sold and its original value, with depreciation, amounted to $1,510, so that the appellant made a demand upon the appellee for the $3,811.68 in order that his interpretation of status quo would be met.
On April 23, 1968, the appellant filed a petition in chancery court averring that the Minor did not own any interest in the 1967 Oldsmobile and praying that the court set aside its decree of April 5, 1968, approving the sale of the personal property, and require the administrator to pay the indebtedness alleged to be due to the appellant.
On June 5, 1968, appellant probated a claim for $3,244.55 against the estate of the Minor based on the conditional sales contract executed April 5, 1967, to secure the payment of the balance due on the purchase price of the 1967 Oldsmobile.
On June 20, 1968, in order to escape further depreciation, the chancery court entered a decree authorizing the administrator to deliver the 1967 Oldsmobile to the appellant to be sold free and clear of all claims for a sum not less than $2,290 and the proceeds to be delivered to the administrator to be held in lieu of the car.
On September 6, 1968, a decree was entered adjudging (1) that the retail installment contract dated April 5, 1967, had been effectively rescinded by the adminis *719 trator as to the Minor, (2) that the administrator’s sale of the personal property should be confirmed, (3) that the probated claims of the appellant against the estate of the Minor should be denied, and (4) that the estate of the Minor was entitled to recover $2,264.22 from the appellant in lieu of the return of the 1965 Oldsmobile convertible. This is the amount that was allowed for the 1965 Oldsmobile on the trade-in for the 1967 Oldsmobile. From that decision this appeal is taken.
The appellant assigns as error (1) that the lower court erred in finding that the Minor and the administrator of her estate “had not become estopped” to rescind her contract or to deny the ratification of her contract; (2) that the lower court erred in awarding a judgment against the appellant for $2,264.22 because there is no substantial evidence that the fair market value of the 1965 Oldsmobile was $2,264.22 on April 5, 1967; (3) that the lower court erred in rendering a judgment against the appellant because no claim was ever made against the appellant by the appellee for the value of the 1965 Oldsmobile; (4) that the lower court erred in rendering a judgment against the appellant because the action of the Minor at the time of the purchase led the appellant to believe that the purchaser was of full age; and (5) that the court erred in refusing to charge the estate of Susan Hathcock Jones with any of the depreciation of the car, any of the finance charges, insurance charges, et cetera, during the period the Minor had and used the 1967 Oldsmobile.
This case was well tried and excellent briefs were filed herewith. Though numerous errors are assigned by the appellant, we will treat only those errors which we feel deserve comment, the first being that the lower court erred in finding that the Minor and the administrator of her estate were not estopped to rescind her contract or to deny the ratification of her contract. Mississippi Code 1942 Annotated section 271 (1956), “Contracts during infancy — how ratified,” states as follows:
An action shall not be maintained whereby to charge any person upon any promise made after full age to pay any debt contracted during infancy, or upon any ratification after full age of any promise or contract made during infancy, unless such promise or ratification shall be made by some writing, signed by the person to be charged therewith.
This Court in Bell v. Smith, 155 Miss. 227, 124 So. 331 (1929), from a factual situation similar to the case at bar, held that:
A contract with an infant is voidable, not void. Where an infant makes a contract, and disaffirms it upon reaching his majority, he must return the consideration if he has not lost or squandered it during his infancy. Harvey v. Briggs, 68 Miss. 60, 8 So. 274, 10 L.R.A. 62; Lake v. Perry, 95 Miss. 550, 49 So. 569. When an infant exercises the privilege to avoid his contract, whether during infancy or upon arrival at full age, the rights of the parties are as if the contract never existed. 14 R.C.L. p. 242, § 25. On disaffirmance of the contract by the infant, the rights of the parties are to be determined as if the contract had never existed. Page on Contracts, vol. 3, § 1622. The same principles apply to contracts made by persons non compos mentis. Woolbert v. Lee Lbr. Co., 151 Miss. 56, 117 So. 354.
Under those principles, if, when appel-lee bought the Chevrolet car from appellant, he was incapable, upon either of those grounds, of entering into the contract, and afterwards rescinded the contract, the rights of the parties stood as if the contract had never been made. That being true, appellant was entitled to the return of the Chevrolet automobile, on condition, however, that appellant first restore to appellee the Ford car or its value, which appellee traded in to appellant as part of the down payment for the Chevrolet car. This was a condition precedent to appellant’s right to recover the Chevrolet automobile. (155 Miss. at 234-235, 124 So. at 332.)
*720 The Court further, in Edmunds v. Mister, 58 Miss. 765 (1881), laid down the principles of an executory contract of a minor imposed no legal liability upon him until ratified in writing as provided by the statute, the Court saying:
The executory contracts of infants for the payment of money, not for necessaries, impose no legal liability upon them. They furnish a sufficient consideration to support contracts thereafter made, so that if ratified in any way after majority they will be enforced; but they derive their vitality, not from the original consideration, but from the new promise or ratification. They can be ratified at common law only by an act or agreement which possesses all the ingredients necessary to a new contract, save only a new consideration. The contract made during minority will furnish the consideration, but it will furnish nothing more. All else must be supplied by the new agreement. A mere acknowledgment of the debt is not sufficient, but there must be an express promise to pay, voluntarily made; and this is true under the common-law authorities, without reference to the provisions of our statute, which declares that the new promise or ratification must be in writing. Code 1857, p. 360, art. 8.
There cannot be said to be any contract in any legitimate sense of the term until after the act of ratification, or until after the written promise under our statute. Before ratification, it is wholly unilateral in its bearing; that is to say, the consideration has been advanced by the adult, but there is no corresponding legal liability upon the minor. It stands, not upon the footing of a debt barred by the Statute of Limitations and after-wards revived by a new promise, because in such a case there has always been an existing, unextinguished right, since limitation affects only the remedy, and not the right; but it is rather like a debt wiped out by a discharge in bankruptcy. In such case there is no existing debt, but there is an outstanding consideration which will support a new contract. (58 Miss. at 773.)
Finally, in Watson v. Peebles, 102 Miss. 725, 734, 59 So. 881, 882 (1912), the Court held that a minor had a full period under the statute of limitations after attaining majority within which to repudiate a contract made during infancy, and mere silence and inertness does not constitute ratification of such contract. The Court stated as follows:
There is no merit in appellee’s contention that appellant is now estopped to repudiate the cancellation of this deed of trust on account of her unreasonable delay, (five years) for the rule of this state is that, in the absence of peculiar circumstances rendering such delay unreasonable, a minor has the full period of the statute of limitations after attaining majority within which to repudiate a contract made during infancy. Mere silence and inertness does not constitute a ratification of such a contract. Wallace v. Latham, 52 Miss. 291; Thompson v. Strickland, 52 Miss. 574; Brantley v. Wolf, 60 Miss. 427; Allen v. Poole, 54 Miss. 330.
From the foregoing it appears apparent to us that the rule in Mississippi is well established that a minor can disaf-firm a contract, not for necessaries, during the minor’s infancy and upon reaching his majority and until barred by the statute of limitations — provided there has been no fraud. The right which the Minor had upon the Minor’s death, under the stated conditions, became vested in the administrator. Realizing that the States of South Carolina and Kentucky, and a few other states, place a different interpretation upon the law of contracts by minors during infancy, nevertheless the rule adopted by the courts of Mississippi, whether it be followed by a majority or minority of the states, is still a Mississippi rule which has stood the test of time and through the *721 years has appeared wise and just to this Court.
As to the next error assigned by appellant, that there is no substantial evidence to fix the fair market value on the 1965 Oldsmobile at $2,264.22 as of April 5, 1967, we conclude that it is apparent from the record that on September 1, 1966, when the Minor purchased the 1965 Oldsmobile convertible, it had a value of $3,200 and that eight months later, on April 5, 1967, it had depreciated to $2,264.22, showing a loss in value of $935.78. Since this depreciation was assigned to this automobile by the appellant, who knew full well the history of the car, we conclude that the chancellor was manifestly correct in finding that the value placed on the automobile by the appellant was the true market value of the automobile and therefore there is no merit in this contention.
 There is no merit in the contentions of the appellant that the chancellor erred in rendering a judgment against the appellant because no claim was ever made against appellant by the appellee for the value of the 1965 automobile or that the appellant was led to believe by the Minor that she was of full age. The Minor lost her life during the time she had a right to make a claim for the value of the 1965 automobile, for the reason she had the right to rescind the contract. The Minor was seventeen years old when she traded the Cadillac automobile, which she inherited from her mother, for the 1965 Oldsmobile. It is difficult to believe that the appellant would mistake a seventeen or eighteen year old girl for an emancipated adult, particularly since the record reflects numerous dealings between the appellant and the Minor, for several years.
Insofar as the fifth error is concerned, that the trial court should have charged the Minor’s estate with depreciation, finance charges, insurance charges, et cetera, during the period that the Minor had used the 1967 automobile, we point out that while Florida has chosen a “middle of the road” course, as shown in Rose v. Sheehan Buick, Inc., 204 So.2d 903 (Fla.App., 1967), not cited by either appellant or appellee, which permitted depreciation, finance, insurance and other charges to be made against the estate of a minor, we prefer to follow the rule which has long been in use in this State and permit the Minor or her administrator to rescind the contract as Mississippi has held for nearly a century. Edmunds v. Mister, supra.
For the above given reasons, the judgment of the chancellor is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, INZER and ROBERTSON, JJ., concur.